IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CATHERINE HOYLE and MICHAEL HOYLE, SR, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| DEUTSCHE BANK NATIONAL TRUST COMPANY; FFML T 2007-FFB-SS, MORTGAGE PASSTHROUGH CERTIFICATES SERIES 2007-FFB-SS; SPECIALIZED LOAN SERVICING. LLC; MACKIE WOLF ZIENTZ & MANN. P.C.; and MARINOSCI LAW GROUP. P.C., | ) ) ) ) ) ) ) ) ) ) No. 2:25-cv-2459 -SHL-tmp |
| Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART DEUTSCHE BANK NATIONAL TRUST COMPANY AND NEWREZ, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; DENYING MACKIE WOLF'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Before the Court are two motions to dismiss. First, Defendants Deutsche Bank National Trust Company, as Trustee for FFMLT 2007-FFB-SS, Mortgage Pass-Through Certificates Series 2007-FFB-SS, and NewRez LLC, d/b/a Shellpoint Mortgage Servicing, jointly seek dismissal of Plaintiffs Catherine Hoyle and Michael Hoyle Sr.'s Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that (1) Colorado River abstention applies, and (2) the underlying foreclosure sale was valid. (ECF Nos. 12, 13.) Second, Defendant Mackie Wolf Zientz & Mann, PC seeks dismissal of Plaintiffs' complaint under Rule 12(b)(6), arguing that (1) the prior suit pending doctrine applies, and (2) the underlying foreclosure sale was valid. (ECF No. 14.) For the reasons explained below, Deutsche Bank and NewRez's Motion is **GRANTED IN PART and DENIED IN PART**, and

Mackie Wolf's Motion is **DENIED WITHOUT PREJUDICE.**

## I.   BACKGROUND

For purposes of the Motions, the following well-pleaded facts in the Amended Complaint are taken as true.[1] In 2005, Plaintiffs Catherine Hoyle and Michael Hoyle, Sr. executed a Note and Security Agreement in favor of First Franklin Financial Corporation in the amount of $27,000 to finance their purchase of realty in Memphis, Tennessee ("the Property"). Plaintiffs also executed a Deed of Trust in favor of First Franklin, which was recorded with the Shelby County Register on March 11, 2005. (ECF No. 10 at PageID 117; see also ECF No. 1-1 at PageID 23.) The Deed of Trust was assigned to Defendant Deutsche Bank in early 2013. (ECF No. 10 at PageID 117.)

Plaintiffs then defaulted and entered Chapter 7 bankruptcy; on September 1, 2015, the Bankruptcy Court signed a Discharge Order, which did not extinguish a creditor's "right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy." (ECF No. 1-1 at PageID 40–41.)

On January 23, 2024, Plaintiffs received a Notice of Default and Notice of Intent to Foreclose via certified mail, signed by Specialized Loan Servicing, LLC; this letter cited Plaintiffs' failure to pay several Deed of Trust payment installments prior to the bankruptcy. (Id.

---

[1] Defendants attached Exhibit A, the Chancery Court Record, to the Notice of Removal (ECF No. 1-1.) Several portions of the Amended Complaint explicitly cite exhibits in ECF No. 1-1. Ordinarily, an amended complaint supersedes a prior complaint and the Court would not consider the documents attached to the Notice of Removal. See Drake v. City of Detroit, 266 F. App'x 444, 448 (6th Cir. 2008) (citing Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007)). However, Plaintiffs rely on the exhibits attached to ECF Nos. 1 and 1-1 throughout the Amended Complaint. Because Plaintiffs refer to these documents in the Amended Complaint, and they are available in the record, the Court properly considers the Chancery Court record without converting the Motions into motions for summary judgment. Cf. Weiner v. Klais & Co., 108 F.3d 86, 88–89 (6th Cir. 1997).

at PageID 43–44.) On May 29, 2024, Deutsche Bank appointed Mackie Wolf as Substitute Trustee (id. at PageID 47–48; ECF No. 10 at PageID 117–18), and, following a foreclosure sale on September 2, 2024, Mackie Wolf transferred the property back to Deutsche Bank via a Substitute Trustee's Deed (ECF No. 10 at PageID 118).

On October 1, Marinosci Law Group, P.C., sent a Notice to Quit and Demand for Possession to Plaintiffs, notifying them that they must vacate the premises. (ECF No. 1-1 at PageID 56–58; ECF No. 10 at PageID 118.) Despite the Notice, Plaintiffs remained on the property. On October 15, 2024, Deutsche Bank filed an unlawful detainer action ("Detainer Action") against Plaintiffs, in Shelby County, Tennessee General Sessions Court, Case. No. 2288056. Several months later in January 2025, Plaintiffs filed the present claims in the Shelby County Chancery Court against Deutsche Bank, Mackie Wolf, NewRez LLC (incorrectly named as Specialized Loan Servicing, LLC), and Marinosci Law Group, P.C. Deutsche Bank timely removed the case to this Court on April 28. (ECF No. 1.)

On May 30, 2025, Plaintiffs filed an Amended Complaint (ECF No. 10), alleging the following causes of action: "Breach of Contract regarding a Wrongful Foreclosure; Fraud; Conversion; Fraudulent Conversion; Negligence; Intentional Infliction of Emotional Distress; Promissory Estoppel; Inducement of Breach of Contract; Wrongful Eviction; and Violation of the Fair Debt Collections Act [sic.]." (Id. at PageID 116.) These claims all arise out of the 2024 foreclosure and are premised on the argument that the foreclosure sale was improper. (ECF No. 1-1 at PageID 43; see generally ECF No. 10.) Plaintiffs assert that (1) they "did not have any defaults in mortgage payments that would allow any of Defendants to sell, foreclose, or evict plaintiffs" (ECF No. 10 ¶ 20); (2) the foreclosure proceedings were untimely (id. ¶ 8); and (3) Plaintiffs were not provided written notice of the date of the foreclosure sale (id. ¶¶ 25–28).

3

On June 13, 2025, Deutsche Bank and NewRez filed the Motion to Dismiss First Amended Complaint under Fed. R. Civ. P. 12(b)(6). (ECF Nos. 12 ,13). Deutsche Bank and NewRez (hereinafter referred to collectively as "Deutsche Bank") argue that (1) Plaintiffs' action is precluded by the Colorado River abstention doctrine because it "parallels" the state Detainer Action and creates a risk of "piecemeal litigation," and (2) because the foreclosure sale was proper, Plaintiffs fail to state claims (id. at PageID 140–151).

Also, on June 21, Mackie Wolf filed the Motion to Dismiss First Amended Complaint under Fed. R. Civ. P. 12(b)(6) (ECF No. 14). Mackie Wolf argues that (1) this suit is precluded by Tennessee's "prior suit pending" doctrine based on the Detainer Action, and (2) the state claims fail because the foreclosure sale was proper (id. at PageID 160–66).

Plaintiffs responded to both Motions on July 2, 2025, arguing that they could not adequately state their claims in the Detainer Action due to the amount-in-controversy limits in General Sessions court. (ECF No. 15 at PageID 174 (citing Tenn. Code Ann. 16-15-501(d)(1) (2009)). Additionally, Plaintiffs imply that Deutsche Bank's removal of the case from Chancery Court to the District Court weighs against Colorado River abstention. (ECF No. 15 at PageID 173.)

## II.     ANALYSIS

Rule 12(b)(6) calls for dismissal when a complaint fails to comply with the requirements of Rule 8(a)(2). Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard, a complaint must provide enough facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint must "contain either direct or inferential allegations respecting all the material

4

elements to sustain a recovery under some viable legal theory." Ind. State Dist. Council of Laborers & HOD Carriers Pension & Welfare Fund v. Omnicare, Inc., 719 F.3d 498, 502 (6th Cir. 2013) cert. granted, 134 S. Ct. 1490, 188 L. Ed. 2d 374 (U.S. 2014) (quoting Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005)). "While plausibility requires relief to be more than speculative, it need not be probable; rather, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely.'" Montesi v. Nationwide Mut. Ins. Co., No. 2:12-cv-02399-JTF-tmp, 2013 WL 4522905, *2 (W.D. Tenn. 2013) (quoting Erie County v. Morton Salt, Inc., 702 F.3d 860, 867 (6th Cir. 2012)).

In deciding motions to dismiss for failure to state a claim, courts must construe the complaint "in the light most favorable to the plaintiffs[,] and their allegations" are "taken as true." Cincinnati Gas & Elec. Co., 656 F. Supp. 49, 73 (S.D. Ohio 1986) (citing Lee v. W. Rsrv. Psychiatric Habilitation Ctr., 747 F.2d 1062, 1065 (6th Cir. 1984)). Legal conclusions, "formulaic recitation[s]" of the claim's elements, and "naked assertion[s]" of liability are all insufficient. Iqbal, 556 U.S. at 678 (second alteration in original) (quoting Twombly, 550 U.S. at 557). All of the issues raised by Defendants are addressed below, beginning with the Colorado River argument raised by Deutsche Bank, because it could affect this Court's jurisdiction. Cf. Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).

### A. Colorado River Abstention

Deutsche Bank first argues that Colorado River abstention precludes Plaintiffs' claims. (ECF No. 13 at PageID 140.) In exceptional circumstances, the Colorado River abstention doctrine allows a court to decline to exercise jurisdiction over a civil case when there exists a pending, parallel state action and abstention from the federal matter would further principles of

5

"wise judicial administration." Epps v. Lauderdale County, 139 F. Supp. 2d 859, 864 (W.D. Tenn. 2000) (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). "As a first step, the district court must determine whether the concurrent state and federal actions are actually parallel." Johnson Controls, Inc. v. Thomas, No. 07-1011-T-An, 2007 WL 9770104, at *2 (W.D. Tenn. June 13, 2007) (citing Romine v. Compuserve Corp., 160 F.3d 337, 339 (6th Cir. 1998)).

Considering the first step, "[e]xact parallelism is not required as long as the two proceedings are substantially similar." Johnson Controls, 2007 WL 9770104, at *2 (citing Romine, 160 F.3d at 339–40). "[C]ourts may consider, inter alia, the parties, the causes of action, the relief sought, and the material facts of each case." Kantner, 535 F. Supp. 2d at 885 (citing Romine, 160 F.3d at 340). For example, in Int'l Forest Prods. Corp. v. West, the court found parallel state and federal actions when "both cases involve[d] the respective rights and obligations of the parties" to a contract, even though different remedies were sought, because the contract's validity was a precondition for the plaintiff's tort and contract claims. No. 3:11–0120, 2011 WL 4056036, at *7 (M.D. Tenn. Aug. 8, 2011). In contrast, courts have found that concurrent actions were not parallel when the cases concerned separate transactions even when requiring the resolution of similar contract interpretation issues. See Kantner Ingredients, Inc. v. All Am. Dairy Prods., Inc., 535 F. Supp. 2d 880, 885 (N.D. Ohio 2008).

If two actions are parallel, in the second step, a court must assess eight factors to determine whether issues of federalism or judicial comity warrant abstention. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 23–26; Colorado River, 424 U.S. at 818–19. These factors are:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of

6

>  piecemeal litigation; . . . (4) the order in which jurisdiction was obtained . . . (5)
>  whether the source of governing law is state or federal . . . (6) the adequacy of the
>  state court action to protect the federal plaintiff's rights; (7) the relative progress
>  of the state and federal proceedings; and (8) the presence or absence of concurrent
>  jurisdiction.

Romine, 160 F.3d at 340–41 (citation modified).  "If a factor is inapposite, then it weighs against abstention." Epps, 139 F. Supp. 2d at 865 (citing Romine, 160 F.3d at 341).  As for avoidance of "piecemeal litigation," Colorado River is meant to avoid the possibility of "two courts . . . adjudicating the same legal issue."  Healthcare Co. Ltd. v. Upward Mobility, Inc., 784 F. App'x 390, 396 (6th Cir. 2019); see also Cass River Farms, LLC v. Hausbeck Pickle Co., Case No. 16-cv-12269, 2016 WL 5930493, at *5 (E.D. Mich. Oct. 12, 2016) (order) (citing Moses H. Cone, 460 U.S. at 19) ("The danger of piecemeal litigation was the paramount consideration in Colorado River.").  Mere duplication of legal issues does not automatically justify abstention—rather, there must be some risk of "conflicting adjudications regarding" an issue.  Cass, 2016 WL 5930493, at *5; see Epps, 139 F. Supp. 2d at 866–67.  For instance, a risk of conflicting adjudications arises when one legal claim depends on resolution of another, and the two courts could rule differently on that key issue.  See Healthcare Co., 784 F. App'x at 396 (referring to a matter where an underlying contract issue shared by the parallel actions was necessary to resolve a tort claim as "the classic piecemeal litigation situation").

A defendant's removal to federal court does not waive their right to seek Colorado River abstention.  Kantner Ingredients, Inc. v. All Am. Dairy Prods., Inc., 535 F. Supp. 2d 880, 884–85 (N.D. Ohio 2008).  When Colorado River abstention is appropriate, "a stay is the best way to effectuate" it, because a stay avoids statute of limitations issues and limits plaintiffs' filing costs.  Bates v. Van Buren Township, 122 F. App'x 803, 809 (6th Cir. 2004); Taylor v. Campanelli, 29 F. Supp. 3d 972, 981 (E.D. Mich. 2014); Blake v. Wells Fargo Bank, NA, 917 F. Supp. 2d 732,

738 (S.D. Ohio 2013).

Turning to the Parties' arguments, Deutsche Bank argues that the underlying Detainer Action and this case involve the same factual allegations: the "bases for why Plaintiffs believe they are still entitled to" occupy the Property. (ECF No. 13 at PageID 141.) According to Deutsche Bank, Plaintiffs' present claims initially brought in state court are based on their allegation that the foreclosure sale violated the Deed of Trust's terms. (ECF No. 13 at PageID 142.) Because this allegation also forms the basis of the separate Detainer Action in state court, it argues, this matter and the Detainer Action are parallel under Colorado River step one. (Id. at PageID 141.)

Deutsche Bank next argues that the factors in step two favor abstention, emphasizing the "piecemeal litigation" factor. Specifically, it argues that the Court's exercise of jurisdiction could cause the underlying contract, the deed of trust, to be interpreted twice, in "potentially [] contradictory ways." (Id. at PageID 141.) It further asserts that the result would be a waste of judicial resources and harm to the legitimacy of the courts. (Id.)

For their part, Plaintiffs do not dispute that their lawsuit is based on the underlying contract, and "whether [their] home was sold improperly." (ECF No. 15 at PageID 172.) As for parallelism, they only contend that Deutsche Bank's invocation of Colorado River is foreclosed by its voluntary removal of this matter to this Court. (ECF No. 15 at PageID 173.)

As for the factors in step two, Plaintiffs argue that the sixth factor weighs heavily against abstention—they assert that they could not adequately state their claims in the Detainer Action in General Sessions because of amount-in-controversy limitations in that court. (ECF No. 15 at PageID 173–74.) Therefore, they argue, there is no possibility for them to "get their full relief" of a trial by jury and their requested damages in the state court, defeating abstention. (ECF No.

8

15 at PageID 174–75 (citing Tenn. Code Ann. §§ 16-15-501(d)(1), 29-18-119).)

Applying Colorado River, this matter and the Detainer Action are parallel. Plaintiffs' First Amended Complaint asserts multiple state law claims and requests the Court to set aside the sale of the Property. (ECF No. 10 at PageID 123.) Plaintiffs assert the right "to full ownership of the property. (Id.) Each of Plaintiffs' claims is premised on the foreclosure sale's alleged violation of the Deed of Trust,[2] like the contract at issue in Int'l Forest. 2011 WL 4056036, at *7. The claims brought here are based on the facts relied upon in the Detainer Action, not on some separate transaction that does not involve the Property. See Kantner, 535 F. Supp. 2d at 885. Thus, the Detainer Action and the present case are "substantially similar," satisfying the threshold issue under Colorado River.

Because the two matters are parallel, under the second step of Colorado River, the Court must determine whether "to abstain on grounds of federalism or comity." Johnson Controls, 2007 WL 9770104, at *2. The relevant factors point toward abstention. First, the issue of the validity of the foreclosure sale is necessary to resolve both actions, like the breach of contract issue in Healthcare Co. (ECF No. 13 at PageID 141–42 (citing Healthcare Co., 784 F. App'x at 396).) Thus, Colorado River's directive to avoid piecemeal litigation weighs strongly in favor of abstention. If this Court interprets the Deed of Trust differently from the state courts, the Parties are at risk of conflicting interpretations of a dispositive issue.

Second, the General Sessions Court has jurisdiction over Plaintiffs' property in the Detainer Action. Third, the Detainer Action preceded this federal matter. Fourth, state law is

---

[2] For example, Plaintiffs label their breach of contract claim as "regarding a wrongful foreclosure" (ECF No. 10 at PageID 116); the FDCPA claim also cites Defendants' purported lack of "legal authority to collect on any alleged debt," in reference to the default on the Deed of Trust (id. at ¶ 15); and the other torts likewise require Plaintiffs to show that they retained a legal right to possession of the property (see generally id.).

9

prevalent here, as it governs all claims except Plaintiffs' FDCPA claim. (ECF No. 10 at PageID 116, 119.) Considered together, these facts all favor abstention. See Johnson Controls, 2007 WL 9770104 at *2 (deciding that a prior state court action, prior expenditure of time and money in state court, and governing state law "militate against th[e] court's exercising jurisdiction"). Although these points are not expressly argued by Deutsche Bank, these conclusions can be drawn based on the Chancery Court record in Exhibit A. (See generally ECF No. 1-1.)

Plaintiffs' arguments otherwise are unavailing. They assert that the sixth factor precludes abstention because they were limited to a certain amount-in-controversy in General Sessions court. (ECF No. 15 at PageID 173–74). However, the General Sessions court has "unlimited original jurisdiction" over "cases of forcible entry and detainer" because of a statutory exception. (Id. at PageID 174 (quoting Tenn. Code Ann. § 16-15-501(d)(1) (2009)).) Therefore, the amount-in-controversy limitation is not present in detainer actions like the one Plaintiffs filed in General Sessions. See Bell v. Cadmus, No. E2017-02149-COA-R3-CV, 2018 WL 6787886, 2018 Tenn. App. LEXIS 757, at *3 n.3 (Tenn. Ct. App. Dec. 26, 2018). The exception to the amount-in-controversy limitation extends to damages. Johnson v. Hopkins, 432 S.W.3d 840, 843 (Tenn. 2013); Phone v. Nashville Realty Ventures, No. 17C-1419, 2017 Tenn. Cir. LEXIS 2798, at *5–6 (Davidson Cnty. Cir. Ct. Oct. 2, 2017) ("This court will not assume such a limitation to exist where there is no indication the Legislature intended for one to exist . . . Tennessee courts routinely address unlawful detainer judgments from general sessions courts exceeding $25,000.00.") Thus, the statutory limitation that Plaintiffs rely on does not apply to the Detainer Action.

Further, detainer actions have preclusive effect over wrongful foreclosure claims. See Boyce v. LPP Mortg. Ltd., 435 S.W.3d 758, 766 (Tenn. Ct. App. 2013) (citation omitted)

("There is absolutely no doubt that wrongful foreclosure can be raised as an affirmative defense to an unlawful detainer action brought by the purchaser of property in foreclosure."). The allegation of wrongful foreclosure is available as an affirmative defense in the detainer action, see id., and damages claims are available as counterclaims. See generally Bank of N.Y. Mellon v. Chamberlain, No. M2021-00684-COA-R3-CV, 2022 WL 3026908 (Tenn. Ct. App. Aug. 1, 2022). Therefore, the Detainer Action brought by Deutsche Bank is an adequate forum for Plaintiffs to litigate their claims that the foreclosure was wrongful. This factor also favors abstention. See Healthcare Co., 784 F. App'x at 396.

Five Colorado River factors favor abstention, namely the General Sessions court's jurisdiction over the Property, the risk of piecemeal litigation, the General Sessions court's prior jurisdiction, the governing state law, and plaintiffs' ability to assert their claims in General Sessions court. The Parties leave the other three factors unaddressed. Thus, "[t]he weight of the factors" favors abstention. Healthcare Co., 784 F. App'x at 396; see also Segall v. Univ. of Tenn. Le Bonheur Pediatric Specialists, No. 2:22-cv-02535-JTF-cgc, 2023 WL 1822882, 2023 U.S. Dist. LEXIS 21423, at *5–6 (W.D. Tenn. Feb. 8, 2023) (staying proceedings under Colorado River because a plaintiff "ha[d] two cases stemming from the termination of his employment," the matters were parallel, and the factors favored abstention). Following the Sixth Circuit's directive in Bates, 122 F. App'x at 809, these proceedings are hereby **STAYED** pending resolution of the Detainer Action.

### B.  Mackie Wolf's Motion

Mackie Wolf asserts that this Court should dismiss the Amended Complaint against it under Federal Rule of Civil Procedure 12(b)(6) based on the existence of Mackie Wolf's recorded lien on the Property, the Tennessee prior suit pending doctrine, and several arguments

11

that Plaintiffs' state law claims fail. (ECF No. 14-1 at PageID 160–66.) Because the Court has determined that Colorado River warrants a stay in this matter, and given the parallel Detainer Action in which several of these arguments will be addressed either now or in the future, Mackie Wolf's Motion to Dismiss is **DENIED AS NOT RIPE WITHOUT PREJUDICE**.

### III.  CONCLUSION

For the reasons provided above, Defendant Deutsche Bank National Trust Company's Motion to Dismiss First Amended Complaint is **GRANTED IN PART** and **DENIED IN PART**. Defendant Mackie Wolf Zientz & Mann, PC's Motion to Dismiss First Amended Complaint is **DENIED WITHOUT PREJUDICE**. Pursuant to the goals of Colorado River, proceedings in this matter are **STAYED** pending disposition of the Detainer Action in the Tennessee state court. The Parties are **ORDERED** to provide a status report six months from the date of this Order as to the progress of the state litigation. If the state litigation is complete earlier than that, the Parties are **ORDERED** to notify this Court within twenty-one days of its conclusion.

**IT IS SO ORDERED,** this 24th day of November, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE